UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Eugene C., | |
| Plaintiff, | Civil No. 3:22-cv-00420-SRU |
| v. | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | March 29, 2022 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Eugene C.,[1] has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1]   Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that he is unemployed since 2017, and that he has no current income other than $320 in monthly food stamp benefits. (ECF No. 2, at 3.) He says he has no savings, and has only $89 in his checking account. (*Id* at 4.)

He also says, however, that he receives $1,600 in support each month from a family member. (*Id.* at 3.) Moreover, he owns a later-model SUV that he ostensibly purchased after he became unemployed – the SUV is a 2018, and he became unemployed in 2017 – suggesting that he had family or other help with the financing. Among the things that his family member pays for him is a $517 monthly car loan payment.

When IFP applicants state that they are substantially supported by other people, courts often require them to disclose information about those people's financial resources and ability or inability to pay the filing fee. In *Jose R. v. Kijakazi*, for example, the plaintiff's affidavit stated that his "partner . . . support[ed] him financially." No. 3:21-cv-1718 (TOF), slip op. at 2 (D. Conn.

2

Dec. 27, 2021).  Citing *Fridman* and *Monti*, the court directed him to "either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of his partner's resources and his/her ability to pay the fee."  *Id.*  The plaintiff then submitted a revised affidavit, which demonstrated that "even with the partner's resources taken into consideration, [he] qualifies financially for *in forma pauperis* status."  No. 3:21-cv-1718 (TOF), slip op. (D. Conn. Jan. 11, 2022); *see also Sarah W. v. Kijakazi*, No. 3:21-cv-1726 (SRU), slip op. at 2-3 (Dec. 29, 2021).

      Because the plaintiff is almost entirely supported by a family member (ECF No. 2, at 4), and because he has not provided any information about his family member's resources, this Court is unable to determine whether he is entitled to proceed without paying the filing fee.  The Court therefore orders that, by April 12, 2022, the plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of the resources of any person from whom he draws financial support and his/her ability to pay the fee.  He is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

      */s/ Thomas O. Farrish*
      Hon. Thomas O. Farrish
      United States Magistrate Judge