UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------- x
                                                               :

EUGENE C.[1],                                      :                    22-CV-00420 (MPS)
*Plaintiff,*                                      :

V.                                                              :

KILOLO KIJAKAZI,                   :
ACTING COMMISSIONER OF SOCIAL  :
SECURITY,[2]                               :
*Defendant*.                                   :                    AUGUST 21, 2025
                                                              :
---------------------------------------------------------- x

## RECOMMENDED RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff's counsel, Howard Olinksy, ("Counsel"), has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), seeking an award of fees in the amount of $17,680.50. (Doc. No. 26-1 at 3). The defendant, the Social Security Administration ("SSA") Commissioner ("Commissioner"), filed a response to the motion, indicating that it neither supports nor opposes Counsel's request for attorney's fees in the amount of $17,680.50 under § 406(b). (Doc. No. 28 at 2). For the reasons set forth below, the Court recommends that the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 26) be **GRANTED** in the amount of $17,680.50. Counsel must refund directly to the plaintiff the $11,622.85 Counsel received under the EAJA.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] Since the plaintiff filed this action, Frank Bisignano has been appointed as Commissioner of the Social Security Administration. As such, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Kilolo Kijakazi as the defendant in this matter. The Clerk of the Court is respectfully requested to amend the caption of the case accordingly.

**I.     BACKGROUND**

On August 8, 2020, the plaintiff filed an action appealing the Commissioner's denial of his application for disability income benefits and supplemental security income. *Colon v. Comm'r of Soc. Sec.*, 3:20-cv-01224 (RAR) (Doc. No. 1). On April 28, 2021, the Court remanded the matter to the SSA for further proceedings. *Id.* (Doc. No. 24). Another unfavorable decision was issued following remand proceedings, and the plaintiff filed the instant action on March 22, 2022. (Doc. No. 1). The Commissioner filed the administrative transcript on May 13, 2022, (Doc. No. 11), and the Court issued a Scheduling Order on May 16, 2022, (Doc. No. 12). This action was referred to the undersigned on June 14, 2022. (Doc. No. 14).

The plaintiff filed his Motion to Reverse or Remand on July 12, 2022, and the defendant filed its Motion to Affirm on September 9, 2022. (Doc. Nos. 15, 18). On February 2, 2023, the undersigned issued a ruling recommending that the plaintiff's motion be granted and that the case be remanded for additional administrative proceedings. (Doc. No. 21). On March 6, 2023, the Court (Shea, J.) accepted and adopted the recommended ruling, thereby granting the plaintiff's Motion to Reverse or Remand, denying the defendant's Motion to Affirm, and remanding this action for additional administrative proceedings. (Doc. No. 22). The Clerk entered Judgment the same day. (Doc. No. 23).

The parties filed a Joint Stipulation for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 on June 1, 2023, seeking $6,774.00 in attorney's fees. (Doc. No. 24). The Court so ordered the stipulation on June 2, 2023. (Doc. No. 25). On September 14, 2021, in the plaintiff's first action, the Court had already awarded counsel $4,848.85 in attorney's fees under the EAJA. *Colon*, 3:20-cv-01224 (RAR) (Doc. No. 30).

2

Counsel now moves for attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 26). On remand, the plaintiff states that he was awarded $94,296.00 in total past-due benefits. (Doc. No. 26-1 at 2). Pursuant to his motion, Counsel seeks $17,680.50 in attorney's fees. (*Id.*). Counsel spent 48 hours on this matter in this Court and, as explained in the plaintiff's motion, the *de facto* hourly rate for his requested fee would be $340.64. (*Id.* at 2-3). The Commissioner neither supports nor opposes the motion because it does not have a direct financial stake in the award. (Doc. No. 28 at 2). Upon receipt of the § 406(b) award, Counsel has represented that he will refund to the plaintiff the $11,622.85 he has received under the EAJA. (Doc. No. 26-1 at 3).

## II.   DISCUSSION

Section 406(b) of Title 42 of the United States Code "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). In pertinent part, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness . . . ." *Id.* at 808.

"Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis . . . ." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 808; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)). When determining reasonableness, the court must consider four factors: (1) "the character of the

3

representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay," (3) "whether there was fraud or overreaching in the making of the contingency agreement," and (4) "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849 (summarizing factors established in *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372). In holding that a contingency fee may only be reduced if it is unreasonable, courts have "rejected reliance on 'the traditional lodestar method' utilized in fee-shifting statutes." *Fields*, 24 F.4th at 853.

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19-CV-155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

Here, all four *Fields* factors are satisfied.

First, the retainer agreement sets the contingency fee at 25% of past-due benefits, which for this case would amount to $23,574.00. (Doc. No. 26-1 at 2). Counsel seeks $17,680.50 in § 406(b) fees and stated in his motion that the plaintiff's agency attorneys will file a fee petition under § 406(a) in the amount of $5,893.50 for representation at the post-litigation hearing. (*Id.*). Thus, in total Counsel seeks $23,574.00 in attorney's fees, which is equal to or less than 25% of the plaintiff's total past-due benefits.

Second, there is no evidence of undue delay. Counsel timely filed the Motion to Remand or Reverse. (Doc Nos. 12, 15). Counsel filed the Motion less than a month after this action was

referred to the undersigned and less than two months after the Court entered a Scheduling Order. (Doc. Nos. 12, 14, 15).

Third, the Court has not been provided evidence that the contingency fee agreement was made through fraud or overreaching.

Fourth, the Court must determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808. Counsel seeks $17,680.50, which is equal to or less than the customary 25% contingency fee. Indeed, the *de facto* hourly rate is $340.64, a rate well-within the range of what the Second Circuit has determined reasonable. *See Fields*, 24 F.4th at 856 n.10 (citing cases ranging between $1,300 and $2,100 *de facto* hourly rates).

In other words, all factors are either neutral or weigh in Counsel's favor. The Court concludes the § 406(b) fee request is reasonable.

Where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, Counsel was awarded $11,622.85 under the EAJA, which he has stated he will refund to the plaintiff. (Doc. No. 26-1 at 3).

### III.  CONCLUSION

For the reasons stated above, the Court recommends that Counsel's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) be **GRANTED** in the amount of $17,680.50 and that counsel be ordered to refund the $11,622.85 he received under the EAJA to the plaintiff.

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice of an order or

recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection.  *See* D. CONN. L. CIV. R. 72.2(a).  Failure to file a timely objection will preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a) & 72; D. CONN. L. CIV. R. 72.2; *Impala v. U.S. Dep't. of Just.*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Sec'y of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

**SO ORDERED** at New Haven, Connecticut this 21st day of August, 2025.

                                                  /s/ Robert M. Spector
                                                  Robert M. Spector
                                                  United States Magistrate Judge